```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,      :
ANTHONY PIROZZI, DOMINICK MARROCCO,    :
ANTHONY D'AQUILA, FRANK FINKEL, JOSEPH :
FERRARA, MARC HERBST, THOMAS PIALI, and :   09 Civ. 1067 (DLC)
DENISE RICHARDSON, as a Trustees and   :
fiduciaries of Local 282 Welfare,      :    OPINION AND ORDER
Pension Annuity, Job Training and      :
Vacation and Sick Leave Trust Fund,    :
                                       :
                    Plaintiffs,        :
          -v-                          :
                                       :
LAWS CONSTRUCTION CORP.,               :
                                       :
                    Defendant.         :
------------------------------------X
```

Appearances:

For the plaintiffs:
William K. Wolf
Douglas L. Sanders
Friedman & Wolf
1500 Broadway, Suite 2300
New York, NY 10036

For the defendant:
Paul T. Vink
Andrew Greene & Associates, P.C.
202 Mamaroneck Avenue
White Plains, NY 10601

DENISE COTE, District Judge:

The trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds ("Benefit Funds"), brought this lawsuit against Laws Construction Corp. ("Laws"), a signatory to a collective bargaining agreement with Local 282 of the International Brotherhood of the Teamsters, pursuant to the Employee

Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq., for non-payment of contributions to the Benefit Funds.  An audit completed in September 2009 found that Laws failed to pay benefits for hours attributed to work by non-union workers from Jo-Di Trucking, Inc.  The Benefit Funds sent Laws a demand for unpaid contributions, interest and additional statutory interest, auditing fees and attorneys' fees.  Laws did not pay the demand.  After discovery was completed, the Benefit Funds filed a motion for summary judgment, which was granted on December 22, 2010.  Gesualdi v. Laws, No. 09 Civ. 1067 (DLC), 2010 WL 5185067 (S.D.N.Y. Dec. 28, 2010) (the "December 22 Opinion").  Familiarity with the December 22 Opinion is assumed.

On January 4, the Benefit Funds submitted a proposed judgment seeking a total of $174,084, including $54,092 in contributions, $39,408 in interest and additional statutory interest, $54,861 in auditing fees and attorney's fees, litigation costs in the amount of $1,339 and $53 per day as interest and additional statutory interest from the day of the audit until the day of judgment.  On January 5, Laws moved for a stay pending its appeal of the December 22 Opinion pursuant to Fed. R. App. P. 8.  As this Court cannot issue a stay pursuant to the Rules of Appellate Procedure, the motion is treated as a motion for a stay pursuant to Fed. R. Civ. P. 62(c), which is evaluated through a substantially similar test.  See Hilton v.

Braunskill, 481 U.S. 770, 776 (1987).  In the alternative, Laws asks for permission to post a bond as security pending appeal pursuant to Fed. R. Civ. P. 62(d).

On January 28, Laws appealed the December 22 Opinion to the Second Circuit.  Although normally Laws's motion and its notice of appeal would be premature because this Court had not yet entered a judgment, the Court is entering the judgment proposed by Benefit Funds (the "Judgment") by separate order concurrently with this Opinion.  For the following reasons, Laws's Rule 62(c) motion to stay the Judgment is denied, but its petition to file a bond pursuant to Rule 62(d) is granted.

DISCUSSION
I.   Laws's Stay Application

"A stay is not a matter of right, even if irreparable injury might otherwise result.  It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."  Nken v. Holder, 556 U.S. ----, 129 S.Ct. 1749, 1760 (2009) (citation omitted).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  Id. at 1761.  The four factors to be considered by a court in deciding whether to issue a stay pending appeal are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. (quoting Hilton, 481 U.S. at 776); see also In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007) ("In re WTC"). "The first two factors . . . are the most critical." Nken, 129 S.Ct. at 1761. "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay." Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 2002) (citation omitted). A stay is proper, for example, where the plaintiff can "demonstrate[ ] some possibility of success and the balance of hardships tips decidedly in his favor." Thapa v. Gonzales, 460 F.3d 323, 335 (2d Cir. 2004).

In support of its showing of a likelihood of success, Laws does no more than restate some of the arguments that it presented in opposition to summary judgment, without any further elaboration or citations to case law, and which have already been considered and found to be without merit. This is not a "strong showing that [defendant] is likely to succeed on the merits." Nken, 129 S.Ct. at 1761.

But, this Opinion need not delve deeply into the likelihood of success factor, or the third and fourth factors, because the

4

defendant has completely failed to demonstrate that it would suffer irreparable injury absent a stay of the Judgment. "[S]imply showing some possibility of irreparable injury fails to satisfy the second factor," Nken, 129 S.Ct. at 1761 (citation omitted), and here, Laws has not even made a basic showing that payment to plaintiff -- or posting a bond -- of $174,084 will cause it to suffer an irreparable injury.  To establish irreparable harm, "the injury alleged must be one requiring a remedy of more than mere money damages."  Ford v. Reynolds, 316 F.3d 351, 355 (2d Cir. 2003).  Monetary loss may constitute irreparable harm where, for instance, the loss threatens the existence of a business.  Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989).

Laws argues that having to post a bond or pay now will cause it to lose access to "working and operating capital," which would not be returned to it unless and until it prevailed on appeal.  This, of course, is merely restating that it would suffer a recoverable monetary loss, not irreparable injury.

Laws also argues, without elaboration, that the loss of $174,084 will "cause irreparable harm to its relationships with its bonding companies and adversely affect its ability to bid additional jobs."  This, too, is merely restating that it would suffer a loss of monetary resources.  Any losing party could point to lost opportunities if it were deprived of the benefit

5

of the use of the amount of a money judgment.  Laws argues that it "may never know the opportunities that are lost" and that they are "incalculable."  This argument is actually unhelpful to Laws, as irreparable injury must be "neither remote nor speculative, but actual and imminent."  Id. (citation omitted).  At no point does Laws argue that a failure to stay would result in the type or irreparable harm that could result from a large money judgment, such as bankruptcy.  Id., see also Washington Metropolitan Area Transit Comm'n, 559 F.2d 841, 843 & n.2 (D.C. Cir. 1977) (contrasting the harm of an injunction which would prevent defendant from operating as a business, and which would be irreparable injury sufficient to justify a stay, with "temporary monetary losses").

Even if Laws's arguments had merit, it provides no evidence in support of its assertions of irreparable harm.  An attorney's affidavit which does not cite to specific facts and does not demonstrate how the attorney has first-hand knowledge "is not entitled to any weight" and cannot serve as evidence of irreparable harm.  Wyler v. United States, 725 F.2d 156, 160 (2d Cir. 1983).  Notably, Laws offered no evidence of personal knowledge of the assertions regarding irreparable harm even though the Benefit Funds noted the insufficiency of Law's attorney's affidavit in their opposition brief.

II.  Posting A Bond

In the alternative to a grant of a stay under Rule 62(c), Laws petitions for a stay of the Judgment by posting a supersedeas bond.  "[A] party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)."  <u>Am. Manufs. Mutual Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.</u>, 87 S. Ct. 1, 3 (1966) (Harlan, J., in chambers).  Laws is entitled to post a bond and thereby avoid execution of the Judgment pending appeal.  Indeed, plaintiffs do not challenge Laws's right to a stay once it has posted a bond pursuant to Rule 62(d).  Laws does not argue that the bond should be smaller than the amount of the Judgment.  Therefore, Laws is entitled to a stay of the Judgment under Rule 62(d) if it posts a supersedeas bond in the amount of the Judgment.

CONCLUSION

Laws's January 5 motion to stay the Judgment pursuant to Rule 62(c) is denied, but it is entitled to a stay under Rule 62(d) provided it posts a supersedeas bond in the amount of the Judgment. Plaintiffs therefore are enjoined from executing the Judgment for ten days from the date of this Opinion during which time Laws will have an opportunity to post a bond in the full amount of the Judgment.

SO ORDERED:

Dated:   New York, New York
         February 14, 2011

                                    _____
                                           DENISE COTE
                                    United States District Judge