UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,        :
ANTHONY PIROZZI, DOMINICK MARROCCO,      :
ANTHONY D'AQUILA, FRANK FINKEL, JOSEPH   :
FERRARA, MARC HERBST, THOMAS PIALI, and  :    09 Civ. 1067 (DLC)
DENISE RICHARDSON, as Trustees and       :
fiduciaries of Local 282 Welfare,        :    OPINION & ORDER
Pension Annuity, Job Training and        :
Vacation and Sick Leave Trust Funds,     :
                                         :
                    Plaintiffs,          :
          -v-                            :
                                         :
LAWS CONSTRUCTION CORP.,                 :
                                         :
                    Defendant.           :
----------------------------------------X

Appearances:

For the plaintiffs:
James Robert Grisi
Trivella & Forte, LLP
1311 Mamaroneck Avenue, Suite 170
White Plains, NY 10605

For the defendant:
Paul T. Vink
Andrew Greene & Associates, P.C.
202 Mamaroneck Avenue
White Plains, NY 10601


DENISE COTE, District Judge:

     This is an action under the Employee Retirement Income

Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., in which

certain union benefit funds (the "Funds"), through their

trustees, seek to recover unpaid contributions allegedly owed by

defendant Laws Construction Corp. ("Laws"), a general

contractor.  The Funds' claim is predicated on a collective bargaining agreement ("CBA") between Laws and Local 282 of the International Brotherhood of the Teamsters.  As relevant here, the Funds allege that Laws employed a non-union subcontractor, Jo-Di Trucking, Inc. ("Jo-Di"), whose employees were not appropriately compensated under the CBA.

In an Opinion and Order of December 22, 2010, summary judgment was entered against the defendant on all of the plaintiffs' claims (the "December 22 Order").  On June 4, 2012, the Second Circuit issued a summary order vacating in part the December 22 Order and remanding the case to this Court for further proceedings.  See Gesualdi v. Laws Const. Corp., --- Fed. Appx. ---, 2012 WL 1970454 (2d Cir. June 4, 2012).  Once jurisdiction was restored to this Court, the defendant was afforded the opportunity to take additional discovery and show cause why summary judgment should not again be entered for the plaintiffs.  Having considered the defendant's submission and a responsive filing by the plaintiffs, the Court concludes, for the reasons that follow, that the plaintiffs are entitled to summary judgment.


BACKGROUND

This Court has already issued two Opinions in this litigation.  See 759 F. Supp. 2d 432 (S.D.N.Y. 2010); 759 F.

Supp. 2d 447 (S.D.N.Y. 2011).  Familiarity with those Opinions is assumed; only those facts necessary to explain the present decision are recited below.

As noted, the plaintiffs assert that Laws failed to make required benefit plan contributions in connection with its employment of a trucking subcontractor, Jo-Di.  Two provisions of the CBA are relevant to this claim.

First, Section 6(D) of the CBA prohibits "the Employer," here Laws, from hiring outside trucks or equipment "unless all [its] available suitable trucks and equipment are in use."  If that is the case, the Employer must "hire only from truck or equipment suppliers whose drivers receive wages, working conditions, benefits and standards of employment no less favorable than those" applicable to union labor (the "No Less Favorable Clause").

Second, Section 7 of the CBA specifically addresses subcontracting and provides:

> In the event that any subcontractor, or subcontractor of a subcontractor, fails to pay the wages required by this Agreement, or to make contributions to the Local 282 Welfare, Pension, Annuity & Job Training Funds . . . , as required by this Agreement, and if the Union, by an Officer, by written notice with report of delivery, notifies the Employer that a truck or equipment supplier is not complying, the Employer shall be responsible for such non-compliance for the period only beginning two (2) working days after the day of receipt of such notice.

3

In order to enforce the No Less Favorable Clause and Section 7's imposition on the Employer of vicarious liability for non-compliance, the CBA requires that, if an employer hires outside trucks or equipment, it must notify the Union on a weekly basis of the "identity and address of the truck or equipment supplier, the number of trucks supplied and the hours of work involved for each truck." In addition, for any subcontract work, the Employer must submit to the Union "monthly reports of all hours worked for each Employee, in all classifications covered by [the CBA], whether that work is performed by an Employee of the Employer or an Employee of a subcontractor, or any subcontractor of a subcontractor."

The CBA specifies procedures for handling "any dispute as to the existence or amount of any delinquency resulting from a truck or equipment supplier's non-compliance" and provides that "the Employer and/or Contractor, and truck or equipment supplier may be held jointly and severally liable and may have to pay to the person or funds entitled thereto the amount of any delinquency arising after" the Employer has been given notice of non-compliance.

Laws has never disputed that it failed to make the reporting required by the CBA regarding its use of Jo-Di. Nor has it disputed the plaintiffs' contention that Jo-Di did not make contributions to the Funds for its employees. In light of

these concessions and reading Section 6(D)'s reference to
"benefits . . . no less favorable" to require plan contributions
on behalf of Jo-Di employees, this Court entered summary
judgment for the plaintiffs on December 22, 2010.  The same
Opinion and Order granted the plaintiffs summary judgment on
their claim that Laws failed to contribute to the Funds for
certain hours worked by its own employees.

     In its June 4 Order, the Court of Appeals disagreed with
this Court's reading of Section 6(D):

> It is not clear from Section 6(D) . . . that the only
> way for Laws to fulfill that commitment is to
> contribute to the Funds. . . .  It appears that Laws
> would be in compliance with Section 6(D) if the
> company it retained: directly provided its employees
> conforming wages, conditions and benefits; contributed
> to other funds similar to the Fund on its employees'
> behalf; paid its employees a lump-sum at least equal
> to the value of the contribution to the Funds for
> Laws's employees; or provided at least equal wages,
> conditions, and benefits some other way.

Gesualdi v. Laws Const. Corp., 2012 WL 1970454, at *2.  Given
its view that the CBA did not "clearly and unambiguously
obligate Laws to contribute to the Funds for hours worked by Jo-
Di," the court concluded that the record as it then existed did
not permit entry of summary judgment.  Accordingly, it vacated
that portion of the December 22 Order that entered summary
judgment against Laws for violating the CBA with respect to Jo-
Di employees and remanded the case for further proceedings.

Following the Second Circuit's decision and restoration of jurisdiction to this Court, a conference was held with the parties on July 27, 2012.  Laws was permitted to take additional discovery in an effort to establish that Jo-Di employees were compensated in accordance with the terms of the CBA as interpreted by the Court of Appeals.  With the benefit of any additional discovery it might take, Laws was ordered to show cause why summary judgment should not be entered for the plaintiffs.  On October 12, Laws filed a seven-page "Supplemental Declaration in Opposition to Motion for Summary Judgment."  The plaintiffs responded with a four-page submission on October 26.

DISCUSSION

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts "in the light most favorable" to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Holcomb v. Iona Coll., 521 F.3d 130, 132 (2d Cir. 2008).

In vacating the December 22 Order, the Court of Appeals concluded that the CBA's No Less Favorable Clause was ambiguous and thus, even with the concession that Jo-Di made no contributions to the Funds, a potential factual dispute existed as to whether Jo-Di and Laws breached the CBA. Nonetheless, the Second Circuit did not question the conclusion of the December 22 Order that the burden of any uncertainty with regard to whether Jo-Di employees were properly compensated should fall on Laws, due to its admitted failure to make the reporting regarding outside truck and subcontractor usage required by CBA. See Gesualdi, 759 F. Supp. 2d at 443; Brown v. C. Volante Corp., 194 F.3d 351, 357 (2d Cir. 1999). In the prior Opinion, this conclusion led to the rejection of defendant's argument that, in order to obtain summary judgment, the plaintiffs were required to "identify each Jo-Di employee by name" and make a showing with respect to each that no contribution to the Funds was made on his behalf. 759 F. Supp. 2d at 443. As was explained there,

> [i]t being Laws's failure to notify the Union of the work performed by Jo-Di that made verification impossible, the burden of demonstrating that Jo-Di employees were appropriately compensated or that all appropriate benefits were paid on their behalf may not be placed on the Union or the Benefit Funds.

Id. Put differently, Laws's failure to make the required reporting, combined with an auditor's assessment that Jo-Di had not contributed to the Funds, raised a presumption that the CBA

was violated and shifted the burden of production to Laws to come forward with evidence tending to show that Jo-Di employees were appropriately compensated.  Cf. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946) (adopting, in suits under the Fair Labor Standards Act, a similar burden-shifting rule for employer record-keeping failures).

That approach is no less appropriate in the wake of the Second Circuit's ruling that Laws may point to a broader category of facts in order to raise a factual dispute as to whether "all appropriate benefits were paid" where Jo-Di employees were concerned.  The purpose of affording Laws the opportunity on remand to take additional discovery was to enable it to make such a showing, if possible.  Laws's October 12 submission is not supported by a single scrap of new evidence, however.  Rather, the submission consists entirely of legal arguments that, as explained below, are meritless.  Thus, based on the evidentiary record before the Court, there is no dispute that Jo-Di employees were not compensated in accordance with the CBA.

As noted, rather than take advantage of the opportunity to present new evidence, Laws uses its October 12 submission to make two legal arguments, both of which are unavailing.  First, Laws argues that the Funds lack standing to assert the claims at issue because, "[t]he Fund does not have the right to recover,

on its own behalf, contributions for work performed by non-union subcontractor employees." As explained above, however, the CBA assigns the Funds an active role in policing compliance with the No Less Favorable Clause and explicitly envisions that they may be entitled to recover any delinquency arising from the Employer's use of non-union labor.

Laws's remaining argument is that the Second Circuit's summary order requires that the claims against it stemming from the Jo-Di employees be dismissed. There is no indication on the face of the order that this is so, however. Indeed, had the appellate court concluded that the plaintiffs' claims could not succeed as a matter of law, it would have reversed this Court's judgment rather than vacating and remanding. See John O. Newman, Decretal Language: Last Words of an Appellate Opinion, 70 Brook. L. Rev. 727 (2005) (observing that there is "virtual unanimity" that when "the appellate ruling orders the complete opposite of what the district court has ruled . . . the decretal language should include the word "reversed"). Noting that the Court of Appeals found the No Less Favorable Clause ambiguous, Laws asserts that "[t]he law is clear that where the CBA does not unambiguously create a contractual obligation to contribute, the defendant is entitled to dismissal of those claims." But it cites no controlling authority for this proposition, and the cases that it does cite are inapposite.

CONCLUSION

Summary judgment is granted against the defendant on the plaintiffs' remaining claims.  The plaintiffs shall submit a proposed judgment and any renewed application for fees no later than December 14.


SO ORDERED:
Dated:     New York, New York
           December 5, 2012

                                _____
                                        DENISE COTE
                                United States District Judge