```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,        :
ANTHONY PIROZZI, DOMINICK MARROCCO,      :
ANTHONY D'AQUILA, FRANK FINKEL, JOSEPH   :
FERRARA, MARC HERBST, THOMAS PIALI, and  :   09 Civ. 1067 (DLC)
DENISE RICHARDSON, as Trustees and       :
fiduciaries of Local 282 Welfare,        :   OPINION & ORDER
Pension Annuity, Job Training and        :
Vacation and Sick Leave Trust Funds,     :
                                         :
                    Plaintiffs,          :
         -v-                             :
                                         :
LAWS CONSTRUCTION CORP.,                 :
                                         :
                    Defendant.           :
----------------------------------------X
```

Appearances:

For the plaintiffs:
James Robert Grisi
Trivella & Forte, LLP
1311 Mamaroneck Avenue, Suite 170
White Plains, NY 10605

For the defendant:
Paul T. Vink
Andrew Greene & Associates, P.C.
202 Mamaroneck Avenue
White Plains, NY 10601

DENISE COTE, District Judge:

Having successfully maintained an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., on behalf of certain union benefit funds (the "Funds") to recover unpaid contributions owed by defendant Laws Construction Corp. ("Laws"), the plaintiffs seek an award of $216,853 in

attorneys' fees pursuant to one of ERISA's cost-shifting provisions, 29 U.S.C. § 1132(g)(2).  For the following reasons, plaintiffs' application for fees is granted.

## BACKGROUND

The Court has already issued three opinions in this litigation.  See 759 F. Supp. 2d 432 (S.D.N.Y. 2010); 759 F. Supp. 2d 447 (S.D.N.Y. 2011); 2012 WL 6043661 (S.D.N.Y. Dec. 5, 2012).  Familiarity with those Opinions is assumed; only those facts necessary to explain the present decision are recited below.

Plaintiffs initiated this suit with the filing of a complaint on February 5, 2009.  At that time, plaintiffs were represented by the firm of Friedman & Wolf.  On November 5, 2010, plaintiffs moved for summary judgment.  After full briefing, summary judgment was entered in plaintiffs' favor in an Opinion dated December 22, 2010.  759 F. Supp. 2d at 432.  In that Opinion, plaintiffs were awarded $50,129 in fees pursuant to § 1132(g)(2)'s mandatory fee shifting provision for successful suits "by a fiduciary for or on behalf of a plan to enforce section 1145 of this title."  29 U.S.C. § 1132(g)(2).  The fees awarded reflected billing by Friedman & Wolf up to the date the motion for summary judgment was filed.

Laws filed a motion to stay enforcement of the judgment on January 6, 2011.  On January 21, after briefing on that motion

had concluded, Laws filed a notice of appeal.  On February 14, the Court issued an Opinion and Order denying Laws's motion. 759 F. Supp. 2d at 447.  Plaintiffs filed a notice of substitution of attorney on July 11, replacing Friedman & Wolf with their current counsel, Trivella & Forte.

On June 4, 2012, the Second Circuit issued a summary order vacating in part the December 22 summary judgment Opinion and remanding the case to this Court for further proceedings. Gesualdi v. Laws Const. Corp., 485 Fed. App'x 450 (2d Cir. 2012).  Because the grant of summary judgment had been vacated, the panel observed, the grant of attorney's fees was vacated as well.  Id. at 454.

After the remand, Laws was given the opportunity to take additional discovery to show cause why summary judgment should not again be entered for the plaintiffs.  On December 5, 2012, this Court issued an Opinion once again granting summary judgment in favor of plaintiffs.  2012 WL 6043661.  On December 14, plaintiffs filed a renewed declaration seeking fees.

The plaintiffs' current request for fees totals $216,853. This amount includes:

(1) $50,129 originally awarded in the first grant of summary judgment, covering work by Friedman & Wolf through November 5, 2010, when plaintiffs' motion for summary judgment was filed.

(2) $133,610 for work by Friedman & Wolf between November 8, 2010, and July 13, 2011, including the remainder of the summary judgment briefing, briefing on Laws's motion for a stay, and the appellate briefing.

(3) $33,113 for work by Trivella & Forte between July 1, 2011, and December 14, 2012, including oral argument before the Second Circuit and the post-remand summary judgment proceedings.

Laws submitted a declaration in opposition to plaintiffs' request for fees on January 4, 2013, and plaintiffs' submitted their reply on January 18.

## DISCUSSION

Where judgment is entered in the fiduciary's favor in a suit to enforce 29 U.S.C. § 1145, awarding fees and costs pursuant to 29 U.S.C. § 1132(g)(2) is mandatory.[1]  See Labarbera v. Clestra Hauserman, Inc., 369 F.3d 224, 226 (2d Cir. 2004). To determine the amount of a prevailing party's fee award, a court first calculates the "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of

---

[1] Laws argues that plaintiffs are not entitled to fees under the five-factor test used to determine whether, in a court's discretion, fees should be awarded under 29 U.S.C. § 1332(g)(1). That subdivision, however, is not applicable here.  Rather, because this action was brought by a fiduciary to enforce 29 U.S.C. § 1145, the award of reasonable fees is mandatory.  11 U.S.C. § 1132(g)(2).

4

Albany, 493 F.3d 110, 111 (2d Cir. 2007), amended on other grounds, 522 F.3d 182 (2d Cir. 2008) ("Arbor Hill").

The focus of the inquiry is on "a reasonable hourly rate, taking account of all case-specific variables." Id. at 117; see also Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009).[2]  "The presumptively reasonable fee boils down to 'what a reasonable paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'"  Simmons, 575 F.3d at 174 (quoting Arbor Hill, 493 F.3d at 112, 118).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," Hensley v. Eckerhart, 461 U.S. 424, 437 (1983), and applications for award of fees must be documented by contemporaneously created time records.  Bliven v. Hunt, 579

---

[2] Among the factors that Arbor Hill counsels the district court to consider are: "the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively . . ., the timing demands of the case, whether the attorney had an interest  . . . in achieving the ends of the litigation or initiated the representation himself, whether the attorney was initially acting pro bono . . . , and other returns (such as reputation, etc.) the attorney expected from the representation."  Arbor Hill, 493 F.3d at 112.  The Second Circuit has also counseled district courts to consider the twelve "Johnson factors" enumerated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).  See Arbor Hill, 493 F.3d at 114 n.3 (listing the twelve factors).

F.3d 204, 213 (2d Cir. 2009) (citation omitted); see also Scott v. City of New York, 626 F.3d 130, 132 (2d Cir. 2010).

The plaintiffs have supported their application for fees with contemporaneous time records, organized by attorney and then by date, which describe the tasks performed and the number of hours expended in tenth-of-an-hour increments.  Plaintiffs' first firm, Friedman & Wolf, billed plaintiff for the work of two attorneys and one paralegal at rates of $390, $280, and $105 per hour, respectively.  According to plaintiffs, the fee amount for Friedman & Wolf does not include work performed by three additional attorneys who worked less than 4 hours on the case.  Plaintiffs' second firm, Trivella & Forte, billed plaintiffs at the rate of $400 for partners, $375 for of counsel, and $110 for paralegals.  With the exceptions just noted, the fees requested are the amounts actually billed to plaintiffs.  Laws does not object to the hourly rates requested for either of the two firms, and there is no cause to find them unreasonable.  See Crescent Publ'g Grp., Inc., v. Playboy Enters., Inc., 246 F.3d 142, 151 (2d Cir. 2001) ("The actual billing arrangement [used] certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded.").

Laws does object, however, to the number of hours billed, on several grounds.  Laws first argues that fees should not be awarded for any work on either plaintiffs' original summary

6

judgment motion or on appeal, because Laws was "successful" on appeal and the original summary judgment opinion was vacated. Laws cites no authority for this proposition, and indeed, § 1132(g)(2) instructs a court to award "reasonable attorney's fees and costs of the action" where "judgment is entered in a fiduciary's favor" (emphasis added).  It is thus clear that plaintiffs are entitled to fees for all the work performed on the case, not just the relatively minimal work done after the remand.  See O'Hare v. General Marine Transp. Corp., 740 F.2d 160, 171 (2d Cir. 1984) (awarding fees for defense of counterclaim because it was "part of the same action"); see also Hensley, 461 U.S. at 435 (where plaintiff succeeds, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit").

 Moreover, for reasons explained in the Opinion of December 5, 2012, it is not entirely accurate to describe Laws as "successful" on appeal.  The Court of Appeals considered an alternative way in which the employees' rights may have been protected, even though Laws had not shown that they were so protected.  With the remand, Laws was given a second opportunity to show that the employees' rights had been protected.  For a second time it failed to make that showing, and judgment was again entered for the plaintiffs.

Laws also suggests that plaintiffs' request for fees is per se unreasonable because it is disproportionate to the amount of delinquent contributions at issue, $54,094.51.  There is, however, no requirement in this context that the amount of an award of attorneys fees be proportional to the amount of damages.  Bldg. Servs. Local 47 Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1401 (6th Cir. 1995); Operating Engineers Pension Trusts v. B & E Backhoe, Inc., 911 F.2d 1347, 1355 (9th Cir. 1990); Mason Tenders Dist. Council v. Aurash Const. Corp., 05 Civ. 1891 (RCC), 2006 WL 647884, at *3 (S.D.N.Y. Mar. 15, 2006); Trustees of Bricklayers & Allied Craftworkers Local 5 New York Retirement v. Helmer-Cronin Const., Inc., 03 Civ. 748 (MDF), 2005 WL 3789085, at *6-*7 (S.D.N.Y. Oct. 24, 2005).  In the civil rights context, the Second Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation."  Barbour v. City of White Plains, 700 F.3d 631, 635 (2d Cir. 2012) (quoting Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir. 2005).  The case law thus counsels against reducing a lodestar figure simply because it is significantly higher than a non-nominal damages award, and there is no reason to do so here.

Laws next argues that the fees should not be awarded for time spent by Friedman & Wolf attorneys consulting with one

another, which Laws alleges represents improper "double billing."  "Double billing" is normally understood to refer to billing a client twice for the same thing, not billing for the time of two lawyers consulting with each other.  See, e.g., In re Arlan's Dep't Stores, Inc., 615 F.2d 925, 941 (2d Cir. 1979) (". . . Lappin was double billing parent and subsidiary for the same services."); Resolution Trust Corp. v. 12A Associates, 782 F. Supp. 270, 270 (S.D.N.Y. 1992) (firm double billed when it "included in the escrow deficiency $7,089.98 for attorneys' fees and also included that $7,089.98 in a separate calculation of attorneys' fees owed").  Indeed, "repeated communications between multiple attorneys who are representing the same client are to be expected."  Tucker v. City of New York, 704 F. Supp. 2d 347, 356 (S.D.N.Y. 2010).  Furthermore, Laws does not specifically identify any tasks it views as duplicative.  See Sugarman v. Village of Chester, 213 F. Supp. 2d 304, 311 (S.D.N.Y. 2002) (citing New York State Ass'n of Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983)).  Nothing in the inter-firm consultations appears unduly duplicative or unreasonable; to the contrary, "a reasonable attorney would have engaged in similar time expenditures," Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992).[3]

---

[3] Laws also objects to billing by Friedman & Wolf for the time of "SJ," but plaintiffs explain that SJ is a paralegal, and

Finally, Laws argues, again citing no authority, that attorneys' travel time is not compensable and should be excluded from any fee award.  In this circuit, however, the general rule is that fees are awarded for travel time but may be reduced by 50%.  Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc., 277 F. Supp. 2d 323, 326 (S.D.N.Y. 2003).  The only billing for travel time to which Laws objects is 1.4 hours by Trivella & Forte, and the notes in the contemporaneous time records indicate that this figure represents half of the total travel time.  There is therefore no reason for a deduction on this basis.

---

paralegals' time is properly included in an award of attorneys' fees.  Richlin Security Service Co. v. Chertoff, 553 U.S. 571, 590 (2008); Missouri v. Jenkins, 491 U.S. 274, 285 (1989); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058 (2d Cir. 1989).

CONCLUSION

Plaintiffs are therefore entitled to their full request of $216,853 in fees. As plaintiffs observe, however, this figure does not include the time spent establishing their entitlement to fees, which they are also due. <u>See Gagne v. Maher</u>, 594 F.2d 336, 344 (2d Cir. 1979). Plaintiffs shall therefore submit a revised proposed judgment by March 28, 2013.


SO ORDERED:

Dated:   New York, New York
         March 21, 2013

                              _____
                                      DENISE COTE
                              United States District Judge